UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GARY RHINES,                               :    CIVIL ACTION NO. 3:CV-12-1332
                                           :
                 Petitioner                :    (Judge Nealon)
                                           :
        v.                                 :    **FILED**
                                           :    **SCRANTON**
DAVID J. EBBERT, Warden,                   :    JUL 1 9 2012
                                           :
                 Respondent                :    _____
                                                PER _____
                                                          DEPUTY CLERK

## MEMORANDUM

Petitioner, Gary Rhines, an inmate confined Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"), filed the instant action pursuant to 28 U.S.C. § 2241. He argues that he is "entitled to relief from the enhanced penalty of § 841(b)(1)(A)(iii) in light of the Supreme Court's recent decision in DePierre v. United States ---- U.S. ----, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011)." (Doc. 1, petition). For the reasons set forth below the petition will be denied.

I.    **Background**

On April 22, 2002, following a jury trial, Rhines was convicted in the United States District Court for the Middle District of Pennsylvania of one count of possession with intent to distribute fifty (50) grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). See United States v. Rhines, Criminal No. 4:CR-01-00310 (M.D. Pa. 2001). On July 1, 2004, Rhines was sentenced to life imprisonment. Id. On August 5, 2005, the United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence. See United States v. Rhines, 143 F. App. 478 (3d Cir. 2005). On February 21, 2006, the United States Supreme Court denied Rhines' petition for writ of certiorari. See Rhines v. United States, 546 U.S. 1210 (2006).

On January 29, 2007, Rhines filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. <u>Rhines v. United States</u>, Civil No. 4:CV-07-0172 (M.D. Pa. 2007).

By Memorandum and Order dated May 16, 2007, Rhines' habeas petition pursuant to 28 U.S.C. § 2255 was denied by this Court. <u>Id</u>.

By Order dated September 27, 2007, the Third Circuit Court of Appeals denied Rhines a certificate of appealability. <u>Id</u>.

By Order dated July 7, 2010, the Third Circuit Court of Appeals denied Rhines' application for leave to file a second or successive petitioner pursuant to §2255. <u>Id</u>.

On July 10, 2012, Rhines filed the instant petition for writ of habeas corpus in which he claims that "because <u>DePierre</u> broadened the reach of § 841(b)(1)(A)(iii) to include coca paste and freebase, along with any other chemically basic form of cocaine in aligning them with crack cocaine for application of the enhanced penalty clause (iii) – it negated the confusion amongst the circuits as to the term 'crack' being exclusively synonymous with cocaine base." (Doc. 2, Memorandum of Law in support of petition). He further alleges:

> after <u>DePierre</u>, the terminology, crack cocaine, cannot be used in place of the statutory term cocaine base in indictments, jury instructions, or sentencing hearings because § 841(b)(1)(A)(iii) does not legally denote that crack cocaine be contained within a mixture or substance described in clause (ii). Petitioner is actually innocent of violating § 841(b)(1)(A)(iii) and is being illegally detained on a conviction and mandatory life sentence that is illegal and unconstitutional.

<u>Id</u>. Thus, Petitioner requests that "instead of the life sentence imposed by the District Court, Petitioner's conviction and sentence for Count Three must now be determined under 21 U.S.C. § 841(b)(1)(C) subject to the 30-year statutory maximum without regards to any statutory minimum, vacate and remand for resentencing in light of <u>DePierre</u>." <u>Id</u>.

-2-

## II.   **Discussion**

"The usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States vs. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Accordingly, Rhines' proper avenue of relief would be a section 2255 motion filed in the district court. See   28 U.S.C. § 2255 ¶ 5 (stating, the motion must be filed in "the court which sentenced him").

A defendant can pursue a section 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States vs. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  The claimed inadequacy or ineffectiveness of section 2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke vs. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle vs. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris vs. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers vs. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective.").  The petitioner has the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack vs. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown vs. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Rhines has already filed a motion pursuant to section 2255 in the United States District Court for the Middle District of Pennsylvania. Additionally, he has filed a request in the Third Circuit Court of Appeals seeking permission to file second or successive section 2255 motion; however, his request has been rejected. Based on this reason alone this Court should dismiss his petition. See 28 U.S.C. § 2244(a).[1] The Third Circuit Court of Appeals' refusal to entertain his request to file additional section motions does not make section 2255 inadequate or ineffective. To the contrary, it demonstrates that section 2255 has been available to him, regardless of his satisfaction with the outcome. Therefore, he has not presented any reason for allowing him to use section 2241.

As noted, there must have been a limitation on scope or procedure in the section 2255 proceedings. Rejection of a petitioner's claims because they have already been litigated or are time-barred is not that type of qualifying limitation; rather, it is a recognition that the court will not adjudicate claims that have already been addressed or are jurisdictionally unreachable. Additionally, Petitioner's lack of success in his 2255 proceedings does not establish that the

---

[1] 28 U.S.C. § 2244(a) states:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as proved in Section 2255.

remedy afforded by section 2255 was inadequate or ineffective for him, nor is any limitation he might now have in filing additional successive 2255 motions.  Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed.

A separate Order will be issued.

Dated: July 19, 2012

_____
**United States District Judge**