# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY RHINES, | : | CIVIL ACTION NO. 3:CV-12-1332 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| DAVID J. EBBERT, Warden, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Gary Rhines, an inmate confined at the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"), filed the instant action pursuant to 28 U.S.C. § 2241. He argues that he is "entitled to relief from the enhanced penalty of § 841(b)(1)(A)(iii) in light of the Supreme Court's recent decision in DePierre v. United States ---- U.S. ----, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011)." (Doc. 1, petition).

By Memorandum and Order dated July 19, 2012, the petition was given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof, and the same was dismissed for lack of jurisdiction. (Docs. 8, 9).

Presently before the Court is Petitioner's motion for reconsideration of this Court's July 19, 2012 Memorandum and Order, dismissing the petition. (Doc. 11). For the reasons set forth below, Petitioner's motion for reconsideration of this Court's Memorandum and Order, dismissing his petition for writ of habeas corpus, will be denied.

FILED
SCRANTON

JAN 1 1 2013

PER _____
DEPUTY CLERK

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

-2-

In the Memorandum and Order dated July 19, 2012, dismissing the petition for lack of jurisdiction, this Court concluded:

> "The usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, Rhines' proper avenue of relief would be a section 2255 motion filed in the district court. See section 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").
>
> A defendant can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."). The Petitioner has the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Reguena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).
>
> Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).
>
> Rhines has already filed a motion pursuant to § 2255 motion in the Middle District of Pennsylvania. Additionally, he has filed a request in the Third Circuit seeking permission to file second or successive § 2255 motion. However, his request to file a second or successive § 2255 motion has been rejected by the Third Circuit. Based on this reason alone the Court should dismiss his petition. See 28 U.S.C. §

2244(a).[1]  The Third Circuit's refusal to entertain his request to file additional §
2255 motions does not make section 2255 inadequate or ineffective.  To the
contrary, it demonstrates that § 2255 has been available to him, regardless of his
satisfaction with the outcome.  Thus, he has not presented any reason for allowing
him to use section 2241.  As noted, there must have been a limitation on scope or
procedure in the section 2255 proceedings.  Rejection of a petitioner's claims
because they have already been litigated or are time-barred is not that type of
qualifying limitation; rather it is a recognition that the court will not adjudicate
claims that have already been addressed or are jurisdictionally unreachable.  We
also add that Petitioner's lack of success in his 2255 proceedings does not establish
that the remedy afforded by section 2255 was inadequate or ineffective for him, nor
is any limitation he might now have in filing additional successive 2255 motions.
Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be
dismissed.

(Doc. 8, pp. 3-5).

Plaintiff's motion for reconsideration fails to demonstrate that there has been an

intervening change in the law, that there is newly discovered evidence, or that there has been a

clear error of law or manifest injustice committed.  To the extent that Rhines argues that DePierre

v. United States, —— U.S. ——, 131 S. Ct. 2225, 180 L.Ed.2d 114 (2011)[2], "is an intervening

---

[1] 28 U.S.C. § 2244(a) states:
> No circuit or district judge shall be required to entertain an application
> for a writ of habeas corpus to inquire into the detention of a person
> pursuant to a judgment of a court of the United States if it appears that
> the legality of such detention has been determined by a judge or court
> of the United States on a prior application for writ of habeas corpus,
> except as proved in Section 2255.

[2] As Judge Caputo recently discussed in Potts v. Ebbert:
> The Supreme Court held that the term "cocaine base," as used in 21
> U.S.C. § 841(b) means not just crack cocaine, but cocaine in its
> chemically basic form, that is, the molecule found in crack cocaine,
> freebase, and coca paste, notwithstanding that the Sentencing
> Commission defined "cocaine base" to mean "crack" for the purposes
> of the Federal Sentencing Guidelines. [DePierre, 131 S.Ct. at
> 2231–32.] Thus, DePierre establishes that "cocaine base," as used in
> 21 U.S.C. § 841(b)(1), means not only crack cocaine, but all cocaine in
> its chemically basic form. See id.

-4-

change in substantive law justifying his Dorsainvil, 119 F.3d 245 (3rd Cir. 1997) type claim", such argument is not persuasive. Yates v. Bledsoe, a recent case from the United States Court of Appeals for the Third Circuit, considered a case similar to the current one, where a petitioner was convicted under § 841 argued that § 2241 was an appropriate challenge to his 1997 conviction because the jury was not asked to consider the type and quantity of the controlled substance involved in the offense and that DePierre, and another Supreme Court Case, provided for a new statutory interpretation of 21 U.S.C. § 841. Yates v. Bledsoe, 2012 U.S. App. LEXIS 21288 (3d Cir. 2012). In that case, the Third Circuit Court of Appeals held that DePierre does not reflect an intervening change of law which renders the crimes of which the petitioner was convicted non-criminal. Id. at *8. The Court further pointed out that the petitioner "failed to demonstrate how either of the cases could have an effect on his conviction or sentence as neither case has been held retroactively applicable." Id.

---

> Based on this reasoning, DePierre did not decriminalize any conduct for which Petitioner was convicted. Instead DePierre broadly defines cocaine base to include not just " 'crack cocaine,' but cocaine in its chemically basic form." Id. at 2237. While "relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal," Sorrell v. Bledsoe, 437 F. App'x 94, 96 (3d Cir. 2011), Petitioner has simply not shown that any of his conduct was decriminalized by DePierre. See e.g., Wilson v. United States, 475 F. App'x 530, 531 (5th Cir. 2012); Rashaad v. United States, No. 01–CR–195, 2012 U.S. Dist. LEXIS 80911, 2012 WL 2131341, at *1 (W.D. N.C. June 12, 2012); Arnold v. Ask–Carlson, No. 12–0045, 2012 U.S. Dist. LEXIS 53365, 2012 WL 1309190, at *2 (W.D. La. Mar. 12, 2012). As a result, Petitioner is not entitled to seek relief under § 2241 and the Petition will be dismissed.

Potts v. Ebbert, 2012 U.S. Dist. LEXIS 140094, *17–18 (M.D. Pa. 2012).

Here, Petitioner's claims do not fall within the narrow exception outlined in <u>Dorsainvil</u>, in which § 2241 relief would be available. As previously stated, the dismissal of Petitioner's previous § 2255 motions does not make the § 2255 remedy inadequate or ineffective. In addition, the <u>DePierre</u> case does not bring Petitioner into the narrow <u>Dorsainvil</u> exception. As such, this Court finds that its Memorandum and Order of July 19, 2012, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected that decision. Consequently, the motion for reconsideration will be denied. A separate Order will be issued.

Date: January 11, 2013

**United States District Judge**